UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

WEBSTER HOSPITALITY
DEVELOPMENT, LLC,

         Debtor.

CASE NO. 09-21963

DECISION & ORDER

## BACKGROUND

Webster Hospitality Development, LLC ("Hospitality"), is a limited liability company which operates a Holiday Inn Express Hotel (the "Hotel") on Holt Road in Webster, New York.

Hospitality is owned seventy or seventy-five percent by Lawrence Frumusa ("Frumusa"), twenty-five percent by Marianela Hernandez ("Hernandez") and five percent or not at all by Todd Thompson ("Thompson").

As the result of disputes among the members, Hernandez commenced an action against Frumusa and Thompson in the New York State Supreme Court, Monroe County (the "State Court Action"), which has been assigned to New York Supreme Court Justice Kenneth R. Fisher ("Justice Fisher").[1] In February and March, 2009, Justice Fisher entered Orders appointing Timothy Foster (the "Receiver") as the temporary receiver of Hospitality.

---

[1] Justice Fisher is a former United States Magistrate Judge for the Western District of New York.

BK. 09-21963

On March 27, 2009, three creditors of Hospitality filed an Involuntary Chapter 11 Petition against Hospitality (the "First Involuntary Petition"). The petitioning creditors were represented by Douglas J. Lustig, Esq. ("Attorney Lustig"), a long-serving and experienced Chapter 7 Panel Trustee for the United States Bankruptcy Court, Western District of New York.

At an early hearing in connection with the First Involuntary Petition, in response to a specific inquiry by the Court, Attorney Lustig indicated that, notwithstanding the pending State Court Action, the primary reason for the filing of the First Involuntary Petition was that there had been transfers that: (1) were potentially avoidable as preferences under Section 547 of the Bankruptcy Code, which could not be avoided under New York State Law in the State Court Action; and (2) were potential fraudulent conveyances that might be more efficiently avoided pursuant to Section 548 of the Bankruptcy Code, than under New York State Law.

In view of the appointment of the Receiver in the State Court Action, in order to insure that there was clear authority for an entity to act for Hospitality in the First Involuntary Petition case, this Court required an Order from Justice Fisher setting forth that clear authority. On April 22, 2009, Justice Fisher entered an Order in the State Court Action confirming that the

BK. 09-21963

Receiver had the sole and exclusive authority to act on behalf of Hospitality.

On June 17, 2009, this Court dismissed the First Involuntary Petition for the following reasons: (1) the Court learned that, contingent upon dismissal of the First Involuntary Petition, Hernandez had entered into an agreement with Hospitality to fund a seventy percent payment to undisputed prepetition creditors of Hospitality, a payment that Hospitality itself could not otherwise afford to make; (2) Attorney Lustig indicated that it was his analysis, and the analysis of the petitioning creditors that, notwithstanding the existence of any potential Section 547 or Section 548 avoidance actions, the acceptance of the seventy percent distribution was in the best interests of the undisputed creditors of Hospitality; (3) this Court had confidence that the State Court Action, presided over by Justice Fisher, would insure that the undisputed creditors of Hospitality would be fairly and equitably treated, even if it required the liquidation of the assets of Hospitality; (4) neither Frumusa nor Frumusa Enterprises, LLC ("Enterprises")[2] formally objected to the requested dismissal, even though Frumusa was in the courtroom at the June 17, 2009 hearing; and (5) the Office of the United States Trustee (the

---

[2] Some of the pleadings in the Frumusa-related bankruptcy cases refer to the entity as Frumusa Enterprise LLC and others as Frumusa Enterprises LLC. This Court refers to it as Frumusa Enterprises LLC.

Page 3

BK. 09-21963

"UST") did not oppose the dismissal, which indicated to the Court that the UST, charged with insuring the proper administration of Chapter 11 bankruptcy cases, did not believe that dismissal would be other than in the best interests of the undisputed creditors of Hospitality.

On July 27, 2009, Enterprises, by Frumusa, and two other creditors filed a "Second Involuntary Petition."

On August 14, 2009, Hospitality filed a motion to dismiss the Second Involuntary Petition pursuant to Sections 303 and 305 of the Bankruptcy Code (the "Motion to Dismiss"), which asserted that: (1) Enterprises was not a proper creditor of Hospitality, since it had not repaid over $249,000.00 that it had been ordered to repay by Justice Fisher; (2) one of the petitioning creditors, US Ceiling Corp., Inc., indicated that: (a) it was owed less money than Frumusa had listed on the Involuntary Petition; and (b) it had never even contacted the Receiver to discuss payment; (3) Eric Schellenberg Masonry, Inc. ("Schellenberg"), the third petitioning creditor, had never submitted any documentation to the Receiver to demonstrate that it had a valid claim against Hospitality, even though the Receiver had requested such documentation; (4) since the dismissal of the First Involuntary Petition, the Receiver had made settlement payments and obtained releases from creditors holding claims of $325,000.00, was close to executing settlement agreements

with creditors for claims in excess of $100,000.00, and was working with other creditors who had indicated that they worked at the Hotel, but had invoiced Enterprises; (5) the Receiver was also negotiating payment plans with the New York State Department of Taxation and Finance and Monroe County in connection with various taxes owed by Hospitality; (6) the Receiver indicated that operations of the Hotel were increasingly more favorable under the receivership and with Hospitality under the jurisdiction of Justice Fisher in the State Court Action; and (7) given the amounts owed by Hospitality and the present value of its assets, the Receiver believed that unsecured creditors would receive far less than the seventy percent settlement currently being offered to creditors and funded by Hernandez in any Chapter 11 case or in any liquidation of the assets of Hospitality.

The Receiver further asserted that: (1) the Second Involuntary Petition should be dismissed pursuant to Section 303(b)[3], because

---

[3] Section 303(b) provides that:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $13,475.00 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims[.]

BK. 09-21963

the three petitioning creditors, especially in view of Schellenberg's failure to demonstrate it had a valid claim, did not have the noncontingent, undisputed claims required; and (2) the Second Involuntary Petition should be dismissed pursuant to Section 305(a)[4], because: (a) the facts and circumstances of the case presented by the Second Involuntary Petition were exactly those that Congress contemplated in its Legislative History would warrant a dismissal, as follows:

> The court may dismiss or suspend under the first paragraph, for example, if an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the rights of creditors in that arrangement, and an involuntary case has been

---

11 U.S.C. § 303( 2009).

[4] Section 305(a) provides that:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

   (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

   (2)

      (A) a petition under section 1515 for recognition of a foreign proceeding has been granted; and

      (B) the purposes of chapter 15 of this title would be best served by such dismissal or suspension.

11 U.S.C. § 305 (2009).

Page 6

Case 2-09-21963-JCN   Doc 39   Filed 08/27/09   Entered 08/27/09 14:31:39   Desc Main
Document      Page 6 of 12

BK. 09-21963

> commenced by a few recalcitrant creditors to
> provide a basis for future threats to extract
> full payment.

H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 325 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 35 (1978) (*quoted in In re Bioline Laboratories, Inc.*, 9 B.R. 1013, 1022 (Bankr. E.D.N.Y. 1981);

and (b) the facts and circumstances of the Second Involuntary Petition clearly meet the three-prong test for dismissal set forth in *In re Luftek*, 6 B.R. 539, 547-48 (Bankr. E.D.N.Y. 1980). *See also In re 801 South Wells Street Ltd. P'ship*, 192 B.R. 718 (Bankr. N.D. Ill. 1996), those being:

> (1) the petition was filed by a few
> recalcitrant creditors and that most creditors
> oppose the bankruptcy; (2) there is a state
> insolvency proceeding or an out of court
> arrangement pending; and (3) that dismissal is
> in the best interest of the debtor and all
> creditors.

No written opposition was filed to the Motion to Dismiss before the return date or the scheduled time for the hearing on August 19, 2009, however, Frumusa did appear in opposition to the Motion at the hearing, and subsequent to the hearing, filed an Affidavit on behalf of Enterprises (the "Enterprises Affidavit"), as well as a further submission on August 21, 2009.

This Court allowed Frumusa to participate in the hearing on the Motion to Dismiss, notwithstanding that his prior Chapter 11 case was converted by the Court to a Chapter 7 case on August 5,

BK. 09-21963

2009, leaving his Chapter 7 Trustee, Lee Woodard, Esq. (the "Trustee"), as the only legal entity with authority to represent any interest Frumusa might have in Enterprises.

At the hearing, Frumusa, in response to the specific inquiry by the Court, indicated that he was not aware that there were any transfers that might now be avoidable under Section 547 as avoidable preferences or Section 548 as avoidable fraudulent conveyances in a bankruptcy case.

Frumusa also asserted that Enterprises was owed in excess of $1,000,000.00 from Hospitality, an amount significantly in excess of the approximately $249,000.00 ordered to be repaid by Frumusa and Enterprises to Hospitality by Justice Fisher, and that he did not believe that legitimate creditors of Hospitality were being properly treated by the Receiver in the State Court Action, since their claims were not being paid.

After hearing the arguments of all of the interested parties, the Court adjourned the matter to August 27, 2009, and indicated that it would provide the parties with a Decision on the Motion to Dismiss at that time.[5]

---

[5] The Court also required that Frumusa provide specific documentation by August 21, 2009 demonstrating that the petitioning creditors in the Second Involuntary Petition had undisputed and noncontingent claims against Hospitality. On August 21, 2009, Frumusa filed an Affidavit of Lawrence Frumusa on behalf of Frumusa Enterprise LLC Providing additional Creditors of Webster Hospitality Development LLC and Request to Disqualify, which did not provide further documentation for the petitioning creditors, but purported to evidence the claims of three additional creditors, owed a total of $73,948.00. While Frumusa indicated that he attached invoices for three creditors, one of the invoices does

Page 8

Case 2-09-21963-JCN    Doc 39    Filed 08/27/09    Entered 08/27/09 14:31:39    Desc Main
Document      Page 8 of 12

### DISCUSSION

The Motion to Dismiss, pursuant to Section 305(a), is in all respects granted, for the following reasons:

1. the interests of the creditors of Hospitality would be better served by dismissal, because: (a) the involuntary petitioning creditors and their experienced, knowledgeable attorney in the First Involuntary Petition case, indicated in connection with their consent to a dismissal that their analysis was that participating in the settlements offered by the Receiver, and funded by Hernandez, in the State Court Action was in the overall best interests of the petitioning creditors and other creditors of Hospitality; (b) this Court has great confidence that the State Court Action, which is being presided over by Justice Fisher, will properly address the best interests of the creditors and members of Hospitality; (c) the analysis of the petitioning creditors and their attorney in the First Involuntary Petition case,[6] and the analysis of the Receiver in connection with the Motion to Dismiss, is that liquidation

---

not contain the purported creditor's name, nor is the identity of the creditor contained in his motion papers. Also, Frumusa does not attempt to explain why the invoices are from 2007 or what conclusions may be drawn from his statement that the creditors "called the hotel seeking payment, with no result," given that Frumusa was directed to provide evidence, if it existed, of creditors who were unsuccessful in seeking payment from the Receiver. Frumusa also requested that this Court disqualify itself from all cases involving Frumusa, but did not make and notice a motion, as is required to seek this relief.

[6] As a panel Chapter 7 Trustee, Attorney Lustig has liquidated numerous businesses and is knowledgeable in completing a liquidation analysis.

Page 9

**BK. 09-21963**

of the assets of Hospitality would not result in a greater distribution to unsecured creditors than the seventy percent settlement being offered to them, and this Court finds the Receiver and his assertion to be credible and persuasive; (d) there no longer appear to be any avoidance actions available in bankruptcy court that could benefit the unsecured creditors that are not available under New York State Law, and even in the case of the First Involuntary Petition, the involuntary petitioning creditors and their attorney indicated that creditors were better off with the offered settlements than a Chapter 11 or Chapter 7 proceeding that might include their potential avoidance recoveries; (e) it appears to this Court that the Receiver is making genuine and comprehensive attempts to deal fairly and equitably with the prepetition creditors of Hospitality; and (f) with the Trustee now involved in the State Court Action on behalf of Enterprises, this Court is even more confident that the Action will result in the best interests of creditors and the members being served.

2. it appears to this Court that the petitioning creditors in the Second Involuntary Petition were either ill informed or acting in bad faith in view of all of the facts and circumstances presented, including the proceedings in the First Involuntary Petition case.

BK. 09-21963

In view of this Court's decision to dismiss the case pursuant to Section 305(a), it will not address the request to dismiss pursuant to Section 303 or Frumusa's assertions that there are the required three creditors with valid, qualifying claims, and the Court does not believe it would be appropriate, especially in view of the following direction, for it to award costs or attorneys' fees under Section 303(i).

In view of the facts and circumstances of the First and Second Involuntary Petitions, and the existence of the State Court Action in which there is a competent Receiver, no further Involuntary Petition shall be filed in this Court unless this Court reviews and authorizes the filing of the petition, and any such petition must include: (1) specific documentation indicating that any petitioning creditor has an undisputed and noncontingent claim against Hospitality; (2) that any petitioning creditor has presented its claim documentation to the Receiver, and if its claim has been rejected by the Receiver, it has informed Justice Fisher of the claim rejection; and (3) a detailed analysis as to how and why a bankruptcy case, whether a Chapter 7 or Chapter 11 case, for Hospitality would be in the best interests of any prepetition creditors, by demonstrating that they would receive more in such a proceeding than they can receive in the State Court Action.

BK. 09-21963

## CONCLUSION

The Webster Hospitality Development, LLC Chapter 11 case No. 09-21963 is hereby dismissed pursuant to Section 305(a).

IT IS SO ORDERED.

---
HON. JOHN C. NINFO, II
U.S. BANKRUPTCY JUDGE

Dated: August 27, 2009

Page 12

Case 2-09-21963-JCN   Doc 39   Filed 08/27/09   Entered 08/27/09 14:31:39   Desc Main
Document      Page 12 of 12